1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DAVID DEMBECK,<br><br>              Plaintiff,<br><br>       vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>              Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, David Dembeck herein sets forth the allegations of his Complaint against Defendant Hartford Life and Accident Insurance Company ("HARTFORD") as follows:

**PRELIMINARY ALLEGATIONS**

1.      "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of the

COMPLAINT

CASE No.

Kantor & Kantor, LLP
19839 Nordhoff Street
Northridge, CA  91324
(818) 886-2525

1  employee benefit plan, and to clarify Plaintiff's rights to future benefits under the
2  employee benefit plan. Plaintiff seeks relief, including but not limited to payment of
3  benefits, pre-judgment and post-judgment interest, and attorneys' fees and costs.

4      2.    Plaintiff was, at all relevant times, an employee of The Boeing Company
5  and a resident of the State of Washington.

6      3.    Plaintiff is informed and believes that Defendant HARTFORD is a
7  corporation with its principal place of business in the State of Maine, authorized to
8  transact and transacting business in the Western District of Washington and can be
9  found in the Western District of Washington. HARTFORD is the insurer of benefits on
10  a Group LTD Insurance Policy to The Boeing Company ("the Policy").

11      4.    The Boeing Company has its main offices in Seattle, Washington and was
12  a subscriber to the Policy, for the benefit of its employees. As such, the Policy was
13  issued and administered within this Judicial District. HARTFORD is doing business in
14  the Western District of Washington; in that it covers insureds working and residing in
15  the Western District. Plaintiff is further informed and believes that the Plan
16  Administrator has appointed HARTFORD as a fiduciary for deciding claims for
17  benefits under the plan, and for deciding any appeals of denied claims. HARTFORD
18  administered the claim, interpreted Policy terms, and issued a claim denial, all while
19  operating under a conflict of interest, and the bias this created adversely affected the
20  claims determination.

21      5.    As a benefit of his employment, Plaintiff was provided group long-term
22  disability ("LTD") insurance. The Policy is a part of an employee welfare benefit plan
23  regulated by ERISA, in which Plaintiff was a participant, and pursuant to which
24  Plaintiff is entitled to LTD benefits. Pursuant to the terms and conditions of the Policy,
25  Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so
26  long as Plaintiff remains disabled as required under the terms of the LTD Policy.

27      6.    Plaintiff is informed and believes that the subject Policy was delivered
28  to The Boeing Company in Kings County, State of Washington.

COMPLAINT

CASE No.

7.      Defendant HARTFORD can be found in this judicial district and the Policy is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CLAIM FOR RELIEF
## AGAINST DEFENDANT HARTFORD LIFE INSURANCE
## COMPANY OF AMERICA
## FOR ERISA BENEFITS, ENFORCEMENT AND CLARIFICATION OF
## RIGHTS, PRE-JUDGEMENT AND POST-JUDGEMENT INTEREST,
## AND ATTORNEYS' FEES AND COSTS
## (29 U.S.C. § 1132(a)(1)(B))

8.      Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

9.      At all times relevant, the Plaintiff was employed by The Boeing Company and was a covered participant under the terms and conditions of the Policy. The Policy was insured by HARTFORD, and HARTFORD was also the claims administrator and made all decisions to pay or deny benefit claims.

10.      During Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Policy. Specifically, while Plaintiff was covered under the Policy, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the Policy.

11.      Pursuant to the terms of the Policy, Plaintiff made a claim to HARTFORD for LTD benefits under the Policy.  Plaintiff claimed an entitlement for LTD Benefits because of his disability which rendered him incapable of working as of January 12, 2022.   Plaintiff is informed and believes that HARTFORD identifies his LTD claim as claim number 33626623. Plaintiff is disabled from multiple medical conditions relating to Long Term COVID.

COMPLAINT

CASE No.

Kantor & Kantor, LLP
19839 Nordhoff Street
Northridge, CA  91324
(818) 886-2525

12.     HARTFORD subsequently denied Plaintiff's LTD benefits claim from its inception, notifying him of the denial via a July 13, 2022, letter.

13.      Plaintiff timely appealed the denial of his LTD benefits.

14.     On February 23, 2023, HARTFORD upheld its decision to deny Plaintiff's benefit claims.

15.     Defendant HARTFORD and the Plan breached the Policy and violated ERISA in the following respects:

(a)     Failing to pay LTD benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Policy, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Defendant had such knowledge, Defendant denied Plaintiff's LTD benefits;

(b)     Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claims for LTD benefits;

(c)     Failing to adequately describe to Plaintiff any material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary;

(d)     Concealing and withholding from Plaintiff the notice requirements Defendant was required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, 29 C.F.R. § 2560.503-1(f)-(g), inclusive; and

(e)     Failing to properly and adequately investigate the merits of Plaintiff's claim and failing to provide a full and fair review of Plaintiff's claim.

16.     Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied his disability benefits under the Policy by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future

COMPLAINT

CASE No.

Kantor & Kantor, LLP
19839 Nordhoff Street
Northridge, CA  91324
(818) 886-2525

litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

17.     Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Policy.

18.     As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

19.     As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

20.     The wrongful conduct of Defendant has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce his rights under the terms of the Policy and to clarify his right to future benefits under the terms of the Policy.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.     Payment of disability benefits due Plaintiff;

2.     An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.     Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6.     Such other and further relief as this Court deems just and proper.

COMPLAINT

CASE No.

Kantor & Kantor, LLP
19839 Nordhoff Street
Northridge, CA  91324
(818) 886-2525

DATED: April 24, 2023

By: */s/ Stacy Monahan Tucker*
Stacy Monahan Tucker
WSBA 43449
Attorneys for Plaintiff,
DAVID DEMBECK
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
E-mail: stucker@kantorlaw.net
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

COMPLAINT

CASE No.

Kantor & Kantor, LLP
19839 Nordhoff Street
Northridge, CA  91324
(818) 886-2525